# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 10, 2010

No. 09-50602
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ADRIAN GARCIA-CISNEROS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1626-2

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jorge Garcia-Cisneros appeals his sentence following a guilty plea of pos-

sessing a controlled substance with intent to distribute.  He argues that his at-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

torney was ineffective for failing to object that evidence considered at sentencing was obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). A defendant who has pleaded guilty retains the right against providing self-incriminatory sentencing information. *Mitchell v. United States*, 526 U.S. 314, 322-30 (1999).

As a general rule, we do not review claims of ineffective assistance of counsel that are raised for the first time on direct appeal, because there has not been an opportunity to develop the record. *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006). In this case, however, the record is adequate to allow a fair evaluation of the merits of the claim. *United States v. Nguyen*, 504 F.3d 561, 575 (5th Cir. 2007). To prevail on a claim of ineffective assistance, a defendant must show that (1) his attorney's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984). The prejudice requirement requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Garcia-Cisneros contends that counsel should have objected that statements Garcia-Cisneros made to prison officer Edgar de Leon on two occasions were obtained in violation of *Miranda*. We disagree. Garcia-Cisneros did not incriminate himself in his first interview with de Leon, and that interview was terminated when Garcia-Cisneros said he did not want to proceed without talking with his lawyer. Garcia-Cisneros cannot show that he was prejudiced by counsel's failure to object that his client was not given *Miranda* warnings before that interview. *Washington*, 466 U.S. at 694. With regard to the second conversation with de Leon, the uncontroverted evidence shows that Garcia-Cisneros waived his *Miranda* rights by initiating the conversation and spontaneously making a self-incriminatory statement. *See Edwards v. Arizona*, 451 U.S. 477, 485-886

(1981); *Miranda*, 384 U.S. at 478. Counsel was not ineffective for failing to make a meritless objection. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

AFFIRMED.